IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 10-00923-03 LEK |
| Plaintiff, | ) | |
| vs. | ) | |
| LUCKY DIAMOND MAPUNI, (03), | ) | |
| Defendant. | ) | |

**ORDER DENYING APPEAL TO THE DISTRICT JUDGE OF
THE MAGISTRATE JUDGE'S ORDER AUTHORIZING
THE DEFENDANT'S RELEASE ON BOND, FILED APRIL 27, 2011**

The Court has before it Plaintiff the United States of America's ("Government") Appeal to the District Judge of the Magistrate Judge's Order Authorizing Defendant's Release on Bond, filed on April 27, 2011 ("Appeal"). [Dkt. no. 31.] This matter came on for hearing on May 2, 2011, with Susan Cushman, Assistant United States Attorney, appearing on behalf of the Government, and Ashfaq Chowdhury, Deputy Federal Public Defender, participating telephonically, and Harlan Kimura, Esq., appearing on behalf of Defendant Lucky Diamond Mapuni ("Defendant"). After careful consideration of the Appeal, supporting and opposing documents, and the arguments of counsel, the Appeal is HEREBY DENIED and the magistrate judge's order is AFFIRMED because the pretrial release conditions address both flight risk and danger to the community, and for the reasons more fully set forth below.

**BACKGROUND**

Defendant was arrested in the Central District of California on April 21, 2011 on charges arising out of a two-count Superseding Indictment from the District of Hawai`i. Defendant is charged with conspiracy to distribute and to posses with the intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), and with possession with the intent to distribute fifty grams or more of methamphetamine. On April 27, 2011, the magistrate judge in the Central District of California denied the Government's motion to detain, ruling that the presumption as to flight risk and danger to community had been rebutted, setting bond at $90,000, and imposing release conditions that included electronic monitoring, home detention, drug testing, and travel restrictions. [Dkt. no. 36-1.] The Government filed its Appeal, and this Court stayed the magistrate judge's ruling pending resolution of the Appeal. [Dkt. no. 32.]

On May 2, 2011, a hearing on the Appeal was held. The Government was permitted to respond in writing to Defendant's citation of cases in support of the magistrate judge's ruling by May 5, 2011, and Defendant was permitted to reply to this response by May 9, 2011. Further, the parties were instructed to provide information regarding the proposed third-party custodian, Carey Mapuni. The Court stated that it would thereafter take the

matter under advisement and issue its decision.

On May 2, 2011, Defendant provided a copy of the pretrial release conditions imposed by the magistrate judge. [Dkt. no. 36-1.] The Government's Supplemental Memorandum in Support of Defendant's Detention was filed on May 5, 2011, [dkt. no. 39,] and Defendant's Response to Government's Supplemental Memorandum in Support of Defendant's Detention ("Defendant's Response") was filed on May 9, 2011 [dkt. no. 44].

In the Appeal, the Government argues that the conspiracy alleged in this case involves the transportation of approximately thirty-five pounds of methamphetamine and therefore a rebuttable presumption exists in favor of detention because of the nature of the offense. [Appeal at 3.] Defendant's alleged involvement in this scheme is that he "drove a separately charged courier to the airport where [Defendant] gave the courier a black knapsack containing clothing. Once the courier passed through airport security, an airport employee and the courier exchanged knapsacks." [Id. at 4.] The courier was subsequently arrested in Hawai`i and approximately four pounds of methamphetamine were recovered from the courier's knapsack. [Id.]

The Government argues that the presumption has not been rebutted in this case because Defendant has a history of failing to comply with court orders. His criminal history demonstrates that: he was arrested for driving with a suspended license in

3

2001, 2003, and 2004; he was arrested in 2005 for Driving Under the Influence, and failed to complete a court-ordered program; and he has failed to appear for court in the past.  Additionally, the Government submits that Defendant does not have a permanent residence, that his girlfriend has been charged in a related criminal case, and that the pretrial services officer had recommended detention.  [Id.]

Defendant opposes the Appeal and argues that the magistrate judge imposed stringent conditions for his release and made specific factual findings that his substantial ties to the community and the willingness of his siblings to act as sureties sufficiently rebutted the presumption of non-appearance and dangerousness.  [Def.'s Response at 2.]  Defendant asserts that these findings were made after he presented undisputed evidence that he: (1) was a life-long resident of Southern California, and his parents and siblings all reside in that area; (2) had three siblings willing to serve as sureties with three bonds in the total amount of $90,000; (3) had two brothers and a cousin who attended his detention hearing; (4) had not resided outside of Southern California for any significant period of time; (5) had no significant history of international travel and submitted a declaration that he did not have a passport; (6) has partial custody of his nine-year old son every week from Monday through Thursday; (7) was scheduled to start a job in the Central

District of California; (8) attended high school in the Central District of California; and (9) had family in Hawai`i.  [Id. at 2-3 (citation omitted).]

Additionally, Defendant represented at the hearing on May 2, 2011 that he has two additional sureties (a cousin and a family friend) who have offered to sign financial affidavits in the total amount of $60,000 - in addition to the $90,000 unsecured bond, and that his brother is willing to serve as a third-party custodian.  [Id. at 3.]

**ANALYSIS**

A person detained by order of a magistrate judge may file a motion for revocation or amendment of the order with the district judge presiding over his case.  18 U.S.C. § 3145(b).  "The motion shall be determined promptly."  Id.  The procedures for review of the detention order under 18 U.S.C. § 3145(b) are governed by Federal Rule of Appellate Procedure 9.  United States v. Fernandez-Alfonso, 816 F.2d 477, 478 (9th Cir. 1987) (Brunetti, J., concurring).  "Rule 9(a) requires that the district court state in writing the reasons for the action taken when it enters an order refusing or imposing conditions of release."  Id. (quoting Fed. R. App. P. 9).

The district judge reviews the magistrate judge's decision de novo, but the "court is not required to start over in every case, and proceed as if the magistrate's decision and

findings did not exist." United States v. Koenig, 912 F.2d 1190, 1193 (9th Cir. 1990). "The standard of review for pretrial detention orders is one of deference to the [magistrate judge's] factual findings, absent a showing that they are clearly erroneous, coupled with an independent review of the facts, the findings, and the record to determine whether the order may be upheld." United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991) (citing United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985)). The district judge must ultimately make its own de novo determination of the facts and of the propriety of detention. Koenig, 912 F.2d at 1193.

Pursuant to the Bail Reform Act of 1984, a court may detain a defendant if the government can establish that no release conditions "will reasonably assure the appearance of such person . . . and the safety of any other person and the community[.]" 18 U.S.C. 3142(f); see also United States v. Salerno, 481 U.S. 739, 741 (1987); United States v. Walker, 808 F.2d 1309, 1310 (9th Cir. 1987). In determining this, the court will consider, *inter alia*: (1) the nature and the seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character; (4) the defendant's physical and mental conditions; (5) the defendant's family and community ties; (6) the defendant's past conduct; (7) the defendant's history relating to drug and alcohol abuse; (8) the

defendant's criminal history; and (9) the nature and seriousness of the danger that defendant's release would pose to any person or community.  See United States v. Motamedi, 767 F.2d 1403, 1407 (9th Cir. 1985); 18 U.S.C. § 3142(g).

In this case, however, given the nature of the offense, there is a presumption that there is no condition or combination of conditions that will reasonably assure Defendant's appearance as required and the safety of the community.  See 18 U.S.C. § 3142(e)(3).  This presumption is subject to rebuttal by Defendant.  See id.

This Court has reviewed the record in this case, the argument at the hearing, the transcript of the hearing before the magistrate judge, the pretrial services reports prepared by pretrial services officers in the Southern District of California and the District of Hawai`i, and the memoranda and exhibits submitted by the parties.

The record shows that Defendant: does not have a felony criminal history; does not appear to have a substance abuse history; has long-standing ties to the community; has the support of close family members; has a family member who will serve as a third-party custodian; has parents who will provide a residence; has a child of whom he has custody from Monday through Thursday; and does not have a passport.  The Court therefore concludes that Defendant has met his burden of showing that the conditions set

by the magistrate judge are sufficient to rebut the presumption of detention, and that these conditions will reasonably assure his appearance and the safety of the community pursuant to 18 U.S.C. § 3142(e).  Further, no material information supports reconsideration of the detention order.

**CONCLUSION**

On the basis of the foregoing, this Court HEREBY DENIES the Government's Appeal to the District Judge of the Magistrate Judge's Order Authorizing Defendant's Release on Bond, filed April 27, 2011, and AFFIRMS the magistrate judge's bench ruling issued on April 27, 2011, and AFFIRMS the release conditions ordered.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 17, 2011.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**United States v. Lucky Diamond Mapuni; Crim. No. 10-00923-03 LEK; ORDER DENYING APPEAL TO THE DISTRICT JUDGE OF THE MAGISTRATE JUDGE'S ORDER AUTHORIZING THE DEFENDANT'S RELEASE ON BOND, FILED APRIL 27, 2011**